GEORGE LUCKETT *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—530.]

**Criminal Law—Gaming.**

Under an indictment charging one for permitting gaming in a house in the joint occupancy and control of the accused and another, he can not be convicted for permitting gaming in a house under his individual control or occupancy.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 9, 1882.

OPINION BY JUDGE HARGIS:

The indictment in this case charges the appellant with permitting gaming in a house in his occupation and under his control, but each of the indictments, except one, under which it is pleaded that he was formerly tried for the same offense, charges in legal effect that the house was in the joint occupancy and control of appellant and another, and there could have been no legal conviction of him under either of them for permitting gaming in a house under his individual control or occupancy. The description of the occupancy or control of the house being essential to make out the offense under the statute, where the occupancy or control is charged to be joint, it must be proven as alleged, and where charged to be separate or individual it must be so proven; otherwise a defendant might be charged with committing the offense in one house and proven guilty by showing it to have been done in another. For instance, "A" owns two houses, one of them located

in the eastern part of the county, occupied and controlled in part-
nership with "B," the other situated in the western part of the
county and occupied and controlled by "A" individually; on an
indictment against "A" and "B" for permitting gaming in their
house, "A" could not be convicted by evidence that the offense
was committed in his house under his own control, and *vice versa*.
So the appellant could not have been convicted under either of
the indictments pleaded in bar for the offense with which he now
stands charged and is convicted, except No. 1151, which was for
permitting gaming in the "St. Nicholas," and the jury were prop-
erly instructed as to that indictment and conviction that if the
offense charged was committed in the St. Nicholas the appellant
could not be convicted for any of the period covered by that in-
dictment.

Perceiving no error in the judgment it is *affirmed.*

*W. N. Sweeney & Son, for appellant.*

*P. W. Hardin, for appellee.*